Gorenstein, Mag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IKON OFFICE SOLUTIONS, INC.,                :    09 CV 00097 (GWG)
                                            :
                Plaintiff,                  :
                                            :
        v.                                  :
                                            :
KIMBERLY BRYCE and COPY CORE OF             :
YORK LLC d/b/a C2 LEGAL,                    :
                                            :
                Defendants.                 :
-----------------------------------------------------------X
                                            :
KIMBERLY BRYCE,                             :
                                            :
                Counterclaim Plaintiff,     :
                                            :
        v.                                  :
                                            :
IKON OFFICE SOLUTIONS, INC.,                :
                                            :
                Counterclaim Defendant.     :
                                            :
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE  9/24/09

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties will be requesting or producing certain materials in the course of discovery that constitute or contain confidential, proprietary, and/or trade secret information of a personal, commercial, technical, and/or financial nature (hereinafter "CONFIDENTIAL INFORMATION");

DM3\891907.1

WHEREAS, the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of such information and/or the inspection of documents containing CONFIDENTIAL INFORMATION;

WHEREAS, the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, through their counsel, the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. This Stipulated Protective Order is intended to facilitate exchange of records and information in discovery.

2. As used herein, "PRODUCING PARTY" shall refer to any party, person, or entity producing information, documents, discovery responses, or testimony in connection with this litigation, including third parties responding to subpoena.

3. Any PRODUCING PARTY may designate CONFIDENTIAL INFORMATION by marking, stamping, or otherwise designating such

~~CONFIDENTIAL INFORMATION as "CONFIDENTIAL";~~ *provided such person has a good faith basis for believing such information is subject to protection under Fed. R. Civ. P. 26(c)(1)(g)* CONFIDENTIAL INFORMATION may include, without limitation, answers to interrogatories, responses to other discovery requests, deposition transcripts, or applicable portions thereto, communications between counsel, and any other documents, information, items, or materials or applicable portions thereof. Information, documents, or materials which are available to the general public may not be designated as CONFIDENTIAL unless the PRODUCING PARTY has some independent legal basis upon which to do so. Any information, document, material, or item, or portion thereof, designated as CONFIDENTIAL shall be subject to the following restrictions of this Stipulated Protective Order.

    4.    If documents are produced for inspection, when a PRODUCING PARTY initially produces documents for inspection, no marking need be made by the PRODUCING PARTY in advance of the inspection. For purposes of the inspection, all documents shall be treated as CONFIDENTIAL INFORMATION. After documents are selected for copying, the PRODUCING PARTY may appropriately mark the copies of the selected documents as CONFIDENTIAL before they are produced.

    5.    No person shall attend portions of depositions during which CONFIDENTIAL INFORMATION is disclosed unless such person is an authorized recipient under the terms of this Order. If, during the course of a

deposition, the response to a question would require the disclosure of CONFIDENTIAL INFORMATION, the witness may refuse to answer or the party whose CONFIDENTIAL INFORMATION would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.

6. Due to the nature of this case, all deposition transcripts and portions thereof shall be considered CONFIDENTIAL INFORMATION and shall be stamped with the appropriate designation.

7. Except as otherwise explicitly provided herein, disclosure of and/or access to any CONFIDENTIAL INFORMATION shall be limited solely to the following persons:

(a) counsel (including in-house counsel) for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) the plaintiff, the defendants, and any officers, directors, agents, insurers, or employees of a party or related entity who have a need for such disclosure in order to conduct this litigation;

(c)   any expert or consultant retained by any party for the conduct of this litigation or a third-party mediator jointly chosen by the parties or appointed by the Court;

(d)   any other prospective or actual deponent or trial witness, whether or not he or she has previously seen such CONFIDENTIAL INFORMATION before this lawsuit commenced, who has a need to see such CONFIDENTIAL INFORMATION in order to testify or to prepare for giving testimony;

(e)   other person(s) by agreement of the parties; and

(f)   the Court, authorized Court personnel, and court reporters.

Before disclosing CONFIDENTIAL INFORMATION to any person in categories (b), (c), (d), or (e) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court for purposes of enforcing this order. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

8.   It is anticipated that, during the course of the above-captioned matter, the parties may be required to produce CONFIDENTIAL INFORMATION that

may place the PRODUCING PARTY at a commercially competitive disadvantage, including, but not limited to, CONFIDENTIAL INFORMATION such as customer lists, customer communications or contact information, bids, proposals, or other non-public pricing, cost, marketing, sales or financial data, strategy, plans, or terms. To protect such highly confidential material, by limiting access to the same, a PRODUCING PARTY may designate such CONFIDENTIAL INFORMATION as "ATTORNEYS' EYES ONLY." Any information, documents, depositions or other materials designated as "ATTORNEYS' EYES ONLY" shall be treated as CONFIDENTIAL INFORMATION in all respects, except that disclosure of or access to materials designated as "ATTORNEYS' EYES ONLY" shall be limited to the persons identified in Sections 7(a), 7(c), 7(e), and 7(f).

9. CONFIDENTIAL INFORMATION shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person except as permitted by this Order, nor shall such CONFIDENTIAL INFORMATION or their contents be publicized in any manner.

10. If a dispute arises as to the designation of materials as CONFIDENTIAL or as ATTORNEYS' EYES ONLY, the parties shall attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of materials claimed to be restricted by this Protective Order may bring the dispute before the Court for a

determination. All materials subject to such a dispute shall be treated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY as the materials were designated by the PRODUCING PARTY, unless the Court determines it was not properly designated as such.

11. In the event that counsel for a party receiving information, documents, depositions, and/or other discovery material that has been designated as "ATTORNEYS' EYES ONLY" believes that it is necessary for purposes of litigating the case to disclose such information, documents, depositions, and/or other discovery material to persons not permitted to view such material pursuant to the terms of this Order, the parties agree to work together in good faith to attempt to come up with a way to balance the desire of the PRODUCING PARTY to maintain the strict confidentiality of the CONFIDENTIAL INFORMATION, documents, depositions, and/or other discovery material with the need of the receiving party to be able to effectively litigate the case. In the event that the parties are unable to reach such an agreement, however, the parties will seek the Court's guidance. No RECEIVING PARTY may disclose the CONFIDENTIAL INFORMATION prior to an Order of the Court permitting same.

12. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the rights of a party

subsequently to designate such materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY or to otherwise assert confidentiality with respect to any document, material, or information. Any information, document, or material designated as CONFIDENTIAL shall be treated as if it had been so designated as when it was first produced or made available and shall be subject to the terms of this Protective Order from such date. If a party produces multiple copies of information, documents, or materials and one copy has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, all copies shall be treated as such. Neither the provisions of this Protective Order, nor any designation or failure to designate any particular information, document, or material by party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

13. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document, materials, or information has been produced shall return the document, materials, or information promptly and not retain any copies, summaries, or other abstracts. The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of

privilege or work product protection and to compel production of the document, materials, or information.

14.    For discovery applications or motions to the Court in which a party submits CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information, all documents containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information that are submitted to the Court shall be filed with the Court under seal, upon prior application and approval by the Court.

15.    Prior to trial, the parties agree to raise with the Court the issue of how information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be handled at trial.

16.    This Stipulated Protective Order and the handling of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

17.    This Stipulated Protective Order is without prejudice to the right of any party to object to the production of documents, materials, or information such party considers not properly subject to discovery or to contest the admissibility of any document or evidence. This Stipulated Protective Order also is without

-9-

prejudice to the right of any party to apply to the Court for an order compelling production of documents, materials, or information, or modification of this Order or for any order permitting disclosure of information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material beyond the terms of this Order.

18. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Within ninety (90) days of settlement or final determination of this litigation, all information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and all available copies, summaries, compilations, abstracts, or portions of any other document or material setting forth the contents of any information designated as CONFIDENTIAL and/or ATTORNEY EYES' ONLY shall be returned or destroyed, and if destroyed a certification of such destruction shall be provided by the destroying party to the PRODUCING PARTY. This Order shall continue to be binding on all persons subject to the terms of this Order until further order of this Court. The ultimate disposition of CONFIDENTIAL INFORMATION shall be subject to a final order of the Court upon the completion of this litigation.

19. Nothing in this Stipulated Protective Order precludes a PRODUCING PARTY from using any document, materials, or information it has designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY as such party sees fit.

-10-

20. In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved party may seek any remedy permitted by law, including but not limited to contempt, damages, and injunctive relief, and it shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

21. This Court shall retain jurisdiction over persons subject to this Order for the purpose of enforcing this Order and will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

IT IS SO STIPULATED:

Respectfully Submitted,

**PLAINTIFF IKON OFFICE SOLUTIONS, INC.**

Date: 9/21/09        By: _____
J. Michael Lewis, Esquire
Richard T. Apiscopa, Esquire
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086

Lawrence H. Pockers, Esquire
Christina E. Norland Audigier, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Attorneys for IKON Office Solutions, Inc.

~~DEFENDANTS KIMBERLY BRYCE and COPY~~
CORE YORK LLC d/b/a C2 LEGAL

By: _____
Steven I. Locke, Esquire
Carabba Locke LLP
100 William Street
New York, New York 10038

Tobias A. Cole
MIDANI, HINKLE & COLE, L.L.P.
10497 Town & Country Way, Suite 530
Houston, Texas 77024-1117

Attorneys for Kimberly Bryce and Copy Core of New York, LLC d/b/a C2 Legal

IT IS SO ORDERED this 24th day of September, 2009.

_____
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A
# AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury under the law of the State of New York, that he or she has received a copy of the Stipulated Protective Order in the action *IKON Office Solutions, Inc. v. Kimberly Bryce and Copy Core of New York LLC d/b/a C2 Legal* (Civ. Action No.09-CV-00097), has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the Southern District of New York may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

By: _____

Printed name: _____

Dated: _____

DM1\1891907.1