UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IKON OFFICE SOLUTIONS, INC.,                  :

                Plaintiff,           :        ORDER

       -v.-                                          :
                                                                                                       09 Civ. 97(BSJ) (GWG)
KIMBERLY BRYCE et al.,                          :

               Defendants.          :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The Court is in receipt of a letter dated November 2, 2009 from plaintiff's counsel and a responsive letter dated November 4, 2009 from defendants' counsel. The Court is not convinced that the parties have made the effort to resolve the disputes raised in plaintiff's letter – or even to understand the basis for the other side's position – as required by paragraph 2.A of this Court's Individual Practices.

      Accordingly, the parties are directed to confer, on or before 9:00 p.m. E.S.T. on November 6, 2009, in person or by telephone with respect to each issue raised in plaintiff's letter.[1] The conference shall not be terminated unless both sides agree that each issue raised during the conference has been discussed in full and that each side is fully aware of the basis for the other side's position with respect to each issue.

      If any disputes remain following this conference, plaintiff has leave to make an appropriate motion to compel without seeking a pre-motion conference, provided that the motion is filed within 7 days of the conference. Briefing shall proceed in accordance with paragraph 2.B of this Court's Individual Practices.

      The Court notes that each side's facsimile transmissions to the Court are in violation of paragraph 1.B of this Court's Practices, which limits faxes to 10 pages. Plaintiff's letter was 67 pages and was actually faxed twice to Chambers. Defendant's letter was 27 pages and, incredibly, was also faxed twice to Chambers. All counsel in this matter are directed to read (or re-read) this Court's Individual Practices immediately. While the Practices do not address the

---

    [1] No attorney may subsequently write any letter to the Court or submit any brief with respect to any issues discussed at the conference unless that attorney personally participated in the conference.

issue of identical letters being faxed multiple times, the parties are directed that, in the future, any letter they fax may be faxed only once.

To the extent any party is seeking an extension of any deadline, that party should comply with paragraph 1.E of this Court's Individual Practices.

Dated: New York, New York
November 4, 2009

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge